160 So. 775

### HAYES v. CITY OF JASPER.

### 6 Div. 721.

Court of Appeals of Alabama.

March 19, 1935.

Rehearing Stricken April 16, 1935.

J. B. Powell, of Jasper, for appellant.

J. J. Curtis, of Jasper, for appellee.

SAMFORD, Judge.

The specific charge against petitioner was vagrancy, and section 174 of the Code of Ordinances is as follows: "Vagrancy, as defined in Section 173 of this Code, is a crime and any person convicted thereof must be fined not less than one dollar nor more than one hundred dollars, and may also be sentenced to hard labor upon the streets or public works or in the workhouse or house of correction of the city for not exceeding six months."

The ordinance specifically defines vagrancy, and fixes a punishment for its violation, which does not include a jail sentence.

Section 72 of the Code of Ordinances is as follows: "The mayor trying any person for violation of any by-laws or ordinances of the city shall, upon conviction of such person, nave the power to fine and imprison him, and to sentence him to hard labor upon the streets or public works, or in the workhouse or house of correction of the city, and, in the event the fine and costs are not presently paid, to require the offender or person thus in default to work out the fine and costs un-

der the direction of the city authorities, allowing not exceeding one dollar for each day's service; provided, that no fine shall exceed one hundred dollars, and no sentence to imprisonment or hard labor shall exceed six months, and that no female shall be required to work on the streets of the city, but the council may provide by ordinance for the hiring out, within the county, any male, or female convicted of a violation of any city ordinance, for the payment of fine and costs, or during the time the prisoner was sentenced to hard labor or imprisonment. All contracts of hiring shall be approved by the mayor, and recorded in the office of the judge of probate of the county."

This ordinance merely fixes the powers of the mayor acting as recorder, and such powers as are enumerated can only be exercised when the statute or ordinance charged to have been violated so authorizes.

It is agreed between the parties as follows: "That there is no ordinance of the City of Jasper providing for a workhouse or house of correction, or for the working of any convicts of the City of Jasper, except upon the streets of said city; that there is no ordinance by the council providing for the hiring out within the county any female convicted of the violation of any city ordinance for the payment of fine and cost during the time the prisoner was sentenced to hard labor or imprisonment."

There is also an ordinance of the city of Jasper as follows:

"Section One: Be it ordained by the Mayor and City Council of the City of Jasper, Alabama, that any person committing an offense in the City of Jasper, Alabama, or within its police jurisdiction, which is declared by any law or laws of the State of Alabama, heretofore or hereafter enacted, to be unlawful and a misdemeanor, shall, upon conviction thereof in the Recorder's or Mayor's Court of Jasper, Alabama be punished by a fine of not less than one and not more than one hundred dollars, and may also be imprisoned or sentenced to hard labor for the City of Jasper for not exceeding six months.

"Adopted and approved this the 1st day of June, 1933."

The offense of vagrancy being a violation of the state law, and the ordinance providing that for a violation of such ordinance a defendant convicted may be imprisoned, the mayor, acting as recorder, had the power to impose the sentence to jail as set out in this record, and it follows that the judgment must be affirmed.

Affirmed.